# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CRIMINAL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CR 07-00011(A)-MMM | Date | July 21, 2008 |

Present: The Honorable  MARGARET M. MORROW

Interpreter

| ANEL HUERTA | N/A | CHERYL MURPHY (NP)<br>SARAH HEIDEL (NP)<br>ANDREW KLINE (NP) |
|---|---|---|
| *Deputy Clerk* | *Court Reporter* | *Assistant U.S. Attorney* |

| U.S.A. v. Defendant(s): | Present | Cust. | Bond | Attorneys for Defendants: | Present | App. | Ret. |
|---|---|---|---|---|---|---|---|
| 1. Gladys Vasquez Valenzuela | NOT | ✗ | | 1. Ivan L. Klein | NOT | ✗ | |
| 2. Albertina Vasquez Valenzuela | NOT | ✗ | | 2. Gregory Nicolaysen | NOT | ✗ | |
| 3. Maria De Los Angeles Vicente | NOT | ✗ | | 3. Jeff Price | NOT | ✗ | |
| 4. Mirna Jeanneth Vasquez Valenzuela | NOT | ✗ | | 4. George Buehler | NOT | ✗ | |
| 5. Luis Vicente Vasquez | NOT | ✗ | | 5. Phillip Deitch | NOT | ✗ | |
| 7. Gabriel Mendez | NOT | ✗ | | 7. Dana Cephas | NOT | ✗ | |

**Proceedings:**   **Order Re: Motions *in Limine***

Defendants are charged collectively with conspiracy to (a) import aliens for the purpose of prostitution and (b) commit sex trafficking offenses in violation of 18 U.S.C. § 317. Defendants are charged individually with substantive counts of (1) sex trafficking of minors by force, fraud, and coercion (18 U.S.C. § 1591(a)(1)); (2) transportation of minors for purposes of prostitution (18 U.S.C. § 2423(a)); (3) importation and harboring aliens for the purpose of prostitution (18 U.S.C. § 1328); (4) harboring illegal aliens (18 U.S.C. § 1324(a)(1)(A)(iii)); and (5) transportation of illegal aliens (18 U.S.C. § 1324(a)(1)(A)(ii)).

In anticipation of trial, the government has filed two motions *in limine*. The first seeks to preclude defendants from introducing any evidence of the victims' prior sexual history under Rules 412 and 403 of the Federal Rules of Evidence. The second seeks leave to introduce "other acts" evidence under Rule 404(b).

### A.     Motion *in Limine* to Exclude Evidence of Victims' Prior Sexual History

The government states that defendants have indicated they will introduce evidence that certain victims engaged in prostitution in Guatemala prior to coming to the United States.[1] Although defendants have not yet identified such evidence, three defendants have opposed the government's motion and represent that at least some defendants intend to introduce such evidence.[2]

The government advances two arguments in support of its request to preclude the evidence. First, it contends that the evidence should be excluded under Rule 412 of the Federal Rules of Evidence because, subject to narrow exceptions, evidence of prior sexual history is barred in cases involving sexual misconduct. Second, the government asserts that even if the evidence were admissible under Rule 412, it should be excluded under Rule 403 because its possible relevance would be outweighed by the danger of unfair prejudice.

####     1.     Rule 412

As amended in 1994, Rule 412 of the Federal Rules of Evidence provides:

> "(a) **Evidence generally inadmissible.** – The following evidence is not admissible in any civil or criminal proceeding involving alleged sexual misconduct except as provided in subdivisions (b) and (c):
> 
>> (1) Evidence offered to prove that any alleged victim engaged in other sexual behavior.
>> (2) Evidence offered to prove any alleged victim's sexual predisposition.
> 
> (b) **Exceptions.** –
>> (1) In a criminal case, the following evidence is admissible, if otherwise admissible under these rules:
>>> (A) evidence of specific instances of sexual behavior by the alleged victim offered to prove that a person other than the accused was the source of semen, injury or other physical evidence;
>>> (B) evidence of specific instances of sexual behavior by the alleged victim with respect to the person accused of the sexual misconduct offered by the accused to prove consent or by the prosecution; and
>>> (C) evidence the exclusion of which would violate the constitutional rights of the defendant. . . .
> 
> (c) **Procedure to determine admissibility.** –
>> (1) A party intending to offer evidence under subdivision (b) must –
>>> (A) file a written motion at least 14 days before trial specifically describing the

---

[1] See Government's Motion in Limine to Preclude Evidence of Victims' Prior Sexual History ("Govt.'s Preclude MiL") at 1 (noting that defendants stated this intention at a status conference on March 3, 2008).

[2] See Defendant Gabriel Mendez's Opposition to the Government's Motion in Limine to Preclude ("Mendez's Preclude Opp."); Defendant Maria De Los Angeles Vicente's Opposition to Government's Motion in Limine to Preclude ("Maria's Preclude Opp."). Defendant Gladys Vasquez Valenzuela joined both oppositions. Pablo Bonifacio, who was a defendant at the time, also joined the oppositions.

>evidence and stating the purpose for which it is offered unless the court, for good cause requires a different time for filing or permits filing during trial; and
>   (B) serve the motion on all parties and notify the alleged victim or, when appropriate, the alleged victim's guardian or representative.
>(2) Before admitting evidence under this rule the court must conduct a hearing in camera and afford the victim and parties a right to attend and be heard. The motion, related papers, and the record of the hearing must be sealed and remain under seal unless the court orders otherwise." FED. R. EVID. 412.

Defendants do not dispute that this criminal proceeding "involves sexual misconduct" and thus that Rule 412 applies in this case. Although the government has cited no authority to support the proposition, the court agrees that the action "involv[es] alleged sexual misconduct" for purposes of the rule.[3] To be admissible, therefore, evidence of prior sexual history must be offered pursuant to Rule 412(c) and must fall within one of the three exceptions outlined in Rule 412(b).

A defendant who wishes to introduce evidence of prior sexual history must, under subsection (c), file a written motion at least two weeks before trial. The motion must specifically describe the evidence that the defendant wishes to introduce, and state the purpose for which it will be offered. Once this showing is made, the court must conduct a hearing *in camera* at which it allows defendants and the victim(s) to be heard. The proceedings contemplated by Rule 412(c) must be conducted under seal.

Defendants have not yet filed a Rule 412(c) motion or identified the specific evidence of sexual history they seek to introduce, and the government apparently seeks to preempt the issue by requesting that the court

---

[3] Neither party has cited authority indicating that sex trafficking is or is not encompassed within "sexual misconduct." The language of Rule 412, however, suggests that the term should be given a relatively expansive meaning. The 1994 amendments to the rule substituted the more expansive phrase "involving alleged sexual misconduct" for the narrower "rape or [ ] assault with intent to commit rape." See FED. R. EVID. 412; 23 Charles A. Wright and Kenneth W. Graham, FEDERAL PRACTICE AND PROCEDURE: EVIDENCE 2d § 5383.1 (2007 Supplement) (discussing the fact that the scope of the rule was broadened by the 1994 amendments). Although "involving sexual misconduct" does not appear to comprehend *all* criminal actions, some drafters of the 1994 amendments have suggested that it in fact extends this far. See 23 Wright & Graham, § 5383.1 (2007 Supplement) at 290 ("The drafters of amended Rule 412 have sometimes spoken of the amended Rule as extending to 'all criminal and civil cases.' This phrasing oversimplifies the true scope of the amendments and the problems they create"). The comment to the 1994 amendments states that "involving sexual misconduct" means that the rule applies "in all cases in which there is evidence that someone was the victim of sexual misconduct, without regard to whether the alleged victim or person accused is a party to the litigation." FED. R. EVID. 412, Advisory Committee Note, 1994 Amendments. Here, it is clear that the case involves sexual misconduct. Even if sex trafficking and forced prostitution do not constitute sexual misconduct (which they almost certainly do), the government alleges that the co-defendants used rape and other forms of sexual abuse to threaten the victims. It thus "involves" the most traditional form of sexual misconduct, and Rule 412 clearly applies.

exclude the entire category of evidence.[4] Rule 412(c) clearly shifts the burden to defendants to present and justify the introduction of any sexual history evidence they wish to offer at trial.[5] As a result, defendants cannot introduce the evidence unless they move for its admission under Rule 412(c).[6] Given the procedure established by the rule, the government's motion is either (1) unnecessary or (2) improperly accelerates defendants' deadline for filing a Rule 412(c) motion.[7] It is also clearly premature.

### 2. The Merits of the Motion

As noted, the court must decide whether to admit evidence of sexual history under the exceptions set forth in Rule 412(b) based on a detailed, specific, sealed, written motion followed by an *in camera* hearing. Theoretically, the court could conclude that such a hearing was not necessary because there is no possible evidence defendants could offer that would fall within one of the enumerated exceptions. Defendants argue that evidence that some of the victims were prostitutes in Guatemala must be admitted under Rule 412(b)(1)(C) because excluding it "would violate the constitutional rights of the defendant[s]." Mendez, for example, argues that precluding such evidence would violate his right under the Confrontation Clause to challenge the testimony against him. He asserts that the government intends to prove defendants' practice "'was to recruit young, uneducated, poor, vulnerable girls and use a combination of deception, fraud, coercion, rape, threats, physical

---

[4] In its case management order, the court set July 21, 2008 as the date for a final status conference and stated that all motions *in limine* had to be be heard by that date. It directed that such motions be filed by June 30, 2008. Although a Rule 412(c) motion operates in some ways like a motion *in limine*, the possible filing of such a motion was not expressly addressed in the case management order. Consequently, the court concludes that defendants are not barred from filing such a motion in the future.

[5] Indeed, the Advisory Committee Notes concerning the 1994 Amendments to Rule 412(c) make clear that the rule as a whole shifts the burden of proof to the defendant who wishes to present sexual history evidence. Unlike Rule 403, which allows the party opposing the introduction of such evidence to object, Rule 412 affirmatively requires that the proponent of the evidence justify its admission. See FED. R. EVID. 412, Advisory Committee Notes ("[The rule r]everses that usual procedure spelled out in Rule 403 by shifting the burden to the proponent to demonstrate admissibility rather than making the opponent justify exclusion of the evidence").

[6] Clearly no evidence can be admitted in the absence of any Rule 412(c) motion. Courts have also excluded evidence where the Rule 412(c) motion was improperly filed. See *S.M. v. J.K.*, 262 F.3d 914, 919 (9th Cir. 2001) (finding that a "[d]efendant's failure to file his motion under seal was 'a flagrant violation,' [*Campbell Indus. v. M/V Gemini*, 619 F.2d 24, 27 (9th Cir. 1980)], of Rule 412(c)(2), jeopardizing the fairness of the trial and risking prejudice to Plaintiff" and upholding the magistrate's judge decision to exclude the proposed evidence as a sanction); *Sheffield v. Hilltop Sand & Gravel Co., Inc.*, 895 F.Supp. 105, 109 (E.D. Va. 1995) (precluding evidence where defendant failed to comply with Rule 412(c) and filed his motion without requesting that it be sealed holding that "[b]ecause of the strong public policy concerns underlying Rule 412, defendant's flagrant violation of the rule cannot go unpunished").

[7] Under Rule 412(c), defendants must file a motion to admit the evidence by August 19, 2008.

violence, and witchcraft to intimidate and compel them to engage in prostitution.'"[8] He thus implies that the government will contend the victims were *not* prostitutes and did not come to the United States expecting to engage in prostitution.

The government counters that whether or not the victims were prostitutes is irrelevant.[9] This suggests that it does not intend to assert directly that the victims were not prostitutes. To the extent that the government introduces evidence tending to show that the victims were not prostitutes or did not expect to engage in prostitution in the United States, however, it will have put those victims' sexual histories at issue. Under these circumstances, it is possible that, following a properly made Rule 412(c) motion, evidence rebutting the government's allegations might be admissible under the "constitutional" exception. See *Government of Virgin Islands v. Jacobs*, 634 F.Supp. 933, 940 (D.V.I. 1986) ("We conclude that Rule 412's constitutional exception embraces the accused's right to confront his victim with impeachment evidence consisting of prior sexual conduct where the Government first opens the door on this line of cross-examination").

Maria advances a second argument as to why the evidence must be admitted under Rule 412(b)(1)(C). She argues that evidence that the victims were prostitutes in Guatemala is necessary both to disprove prior false claims and to show bias and motivation to testify falsely.[10] Defendants may have a constitutional right under the Confrontation Clause to present evidence showing a motivation to testify falsely; if so, that would be sufficient to permit admission of the evidence under Rule 412. See *United States v. Tail*, 459 F.3d 854, 860 (8th Cir. 2006) ("The opportunity to expose 'possible biases, prejudices, or ulterior motives' of a witness, as 'they may relate directly to the issues or personalities in the case at hand,' is one important function of the right to confront witnesses," quoting *Davis v. Alaska*, 415 U.S. 308, 316 (1974)); *United States v. Bartlett*, 856 F.2d 1071, 1088 (8th Cir. 1988) ("Th[e] right [to confrontation] 'includes the right to cross-examine witnesses to attack their general credibility or to show their possible bias or self-interest in testifying,'" quoting *Hughes v. Raines*, 641 F.2d 790, 792 (9th Cir. 1981)). While the right to attack a witness's credibility is generally protected by the Confrontation Clause, such evidence may still be excluded under Rule 412 where it is of "little or no probative value." *United States v. Powell*, 226 F.3d 1181, 1198 (10th Cir. 2000); see *Tail*, 459 F.3d at

---

[8]Mendez's Preclude Opp. at 2 (quoting Government's Motion *in Limine* for an Order Permitting Evidence Pursuant to Federal Rule of Evidence 404(b) ("Gov.'s 404(b) MiL")).

[9]The government argues that the fact that the victims were prostitutes in the past is irrelevant and unduly prejudicial, and should be excluded under Rule 403. Specifically, it asserts that the fact that prostitution is illegal in the Central District of California may cause jurors to be unfairly prejudiced against the victims for moral reasons. (Govt.'s Preclude MiL at 6.) The government also fears that jurors may conclude that a woman who previously engaged in prostitution does not have the right to cease her involvement in such activity. (*Id.*) Finally, the government notes that Guatemalan and American law differ in their treatment of prostitution and that evidence that the victims were prostitutes in Guatemala would necessitate the introduction of additional evidence in the form of experts on Guatemalan law. (*Id.* at 6-7.) As noted, the standard for admissibility under Rule 412 is higher than that under Rule 403. While the government's arguments may have merit, defendants must show that any sexual history evidence they seek to offer is constitutionally necessary. To the extent it is constitutionally necessary, of course, it would, by definition, not be unduly prejudicial.

[10]Maria does not identify the "false claims" to which she refers.

860 ("[T]he propriety of excluding such evidence is strengthened where the prior incident is unrelated to the charged conduct, and where the defendant intends to use the evidence as part of an attack on the 'general credibility' of the witness," citing *Bartlett*, 856 F.2d at 1088).

On its face, Maria's argument that the fact the victims engaged in prostitution in the past shows bias is difficult to understand. Maria argues that the alleged victims are being protected by the United States government and that they are being permitted to remain in this country in exchange for testifying against defendants. This, she asserts, demonstrates that they have "extreme bias and motivation to falsify."[11] While the fact that the victims have been granted temporary legal status in the United States (and stand to be granted permanent legal status) may be relevant to show bias or motivation to testify falsely, this does not make evidence of prior sexual history probative of bias. Maria appears to assume that the government would withdraw its protection of the victims if it learned that they were prostitutes in Guatemala. There is, however, no evidence that this is so.

Although Maria's bias argument, as presently stated, is inadequate, the court cannot conclusively determine that no defendant can successfully show that evidence of the victims' past prostitution activities is sufficiently probative if bias that it should be admitted under Rule 412(b)(1)(C).

### 3. Conclusion

For the reasons stated, the government's motion *in limine* is premature and is denied for that reason. Any joint defense motion for admission of sexual history evidence under Rule 412(c) must be filed, under seal and as prescribed by Rule 412(c), by **August 8, 2008.**[12] The government may oppose the motion by **August 13, 2008.** In the event that any individual defendant wishes to supplement the joint filing, such supplement must be filed by **August 15, 2008.** If any supplement is filed, the government may file a response to that supplement by **August 20, 2008.** The court will hold an *in camera* hearing on the issue on **August 25, 2008 at 3:00 p.m.**

### B.    Motion *in Limine* to Admit Evidence Under Rule 404(b)

The government's second motion *in limine* seeks an order permitting it to introduce the testimony of three witnesses who will allegedly testify to uncharged acts related to the conspiracy. The first of these witnesses is Beatriz Elizabeth Suhul Sop ("Betty"), who will testify that she was smuggled into the United States with her sister by Maria and pressured into working as a prostitute. Betty refused, but eventually worked for Gladys selling beer, and witnessed young women working for Gladys who were threatened and not free to leave. The second witness is Willian Morales, who also worked for Gladys selling beverages to prostitution

---

[11] Maria's Preclude Opp. at 2.

[12] Good cause exists to advance the deadline for filing a Rule 412(c) motion by eleven days given the complex nature of the action and the volume of evidence that will likely be presented at trial. It will be beneficial for all parties to know how this issue has been resolved before trial commences to avoid confusion and delay. The court's schedule gives defendants four days after the close of discovery to craft a detailed and specific written motion; in addition, it affords the government an opportunity to respond before the *in camera* hearing is held.

customers. He will testify that he observed many young females working as prostitutes and that they were not free to leave. He also observed young females being threatened by Gladys and will testify that he was threatened himself. The third witness is Marina De La Cruz. Marina will testify that she was recruited from Guatemala for a legitimate job in the United States. After coming to the United States, she was forced to work as a prostitute and was prohibited from leaving the house where she was staying on her own. She contends she was beaten on numerous occasions and heard Gladys threaten other young females with violence and witchcraft.[13]

Under Rule 404(b) of the Federal Rules of Evidence, "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith." FED. R. EVID. 404(b). Crimes or bad acts that are "inextricably intertwined" with the charged offenses, however, do not constitute "other crimes, wrongs, or acts" for purposes of Rule 404(b). See *United States v. Soliman*, 813 F.2d 277, 279 (9th Cir. 1987) ("Evidence should not be treated as 'other crimes' evidence when 'the evidence concerning the ['other'] act and the evidence concerning the crime charged are inextricably intertwined,'" quoting *United States v. Aleman*, 592 F.2d 881, 885 (5th Cir. 1979)). Rather, evidence of "inextricably intertwined" acts is considered intrinsic to the charged offenses and is therefore generally admissible. See *United States v. Ripinsky*, 109 F.3d 1436, 1442 (9th Cir. 1997) ("Evidence should not be treated as 'other crimes' evidence, however, and may therefore be admitted for all purposes, when the evidence concerning the other act and the evidence concerning the crime charged are 'inextricably intertwined'"), as amended by 129 F.3d 518 (9th Cir.1997), cert. denied, 522 U.S. 1084 (1998), overruled on other grounds, *United States v. Sablan*, 114 F.3d 913, 916 (9th Cir. 1997).

Thus, while evidence of a defendant's other acts must generally satisfy the requirements of Rule 404(b) before it is admissible, the Ninth Circuit has upheld the introduction of evidence that is not directly probative of particular elements of the charged offenses if the act in question "constitutes a part of the transaction that serves as the basis for the criminal charge" – that is, "when it is clear that particular acts of the defendant are part of, and thus inextricably intertwined with, a single criminal transaction." See *United States v. Vizcarra-Martinez*, 66 F.3d 1006, 1012 (9th Cir. 1995); see *United States v. Williams*, 989 F.2d 1061, 1070 (9th Cir. 199**3)** ("The policies underlying rule 404(b) are inapplicable when offenses committed as part of a 'single criminal episode' become other acts simply because the defendant 'is indicted for less than all of his actions,'" quoting *Soliman*, 813 F.2d at 279);*United States v. Turner*, 423 F.2d 481, 483-84 ("It is well-settled that evidence of other crimes may be presented when they are so blended or connected with the one on trial as that proof of one incidentally involves the other; or explains the circumstances thereof; or tends logically to prove any element of the crime charged" (internal quotations omitted)).[14]

The government argues that the three witnesses at issue will offer testimony that is inextricably intertwined with the pattern of conduct charged in the conspiracy. A review of the proposed evidence supports this assertion. Although the acts to which the witnesses will testify are not directly alleged in the indictment, they are closely

---

[13]See Gov.'s 404(b) MiL at 5-7.

[14]Evidence of other acts is also admissible where it is necessary to permit the prosecutor to present a "coherent and comprehensible story regarding the commission of the crime" to the factfinder. *Vizcarra-Martinez*, 66 F.3d at 1012-13 ("'[The jury] cannot be expected to make its decision in a void – without knowledge of the time, place, and circumstances of the acts which form the basis of the charge,'" quoting *United States v. Daly*, 974 F.2d 1215, 1216 (9th Cir. 1992)).

related to the alleged common plan. Apparently recognizing this, only one defendant (Mendez) has opposed the motion.

Mendez does not challenge the government's assertion that the testimony of the three witnesses is intertwined with the conspiracy alleged. Instead, he asserts argues that "there is absolutely nothing in the government's papers revealing that the alleged testimony has any relevance to the conduct or statements of Mr. Mendez, or that the proffered testimony i[s] inextricably intertwined with anyone other than [Gladys]."[15] While the import of Mendez's argument is not entirely clear, it appears he contends the evidence should not be admitted against him because his trial will be severed from that of the other defendants. He concedes, in fact, that the witnesses' proposed testimony *is* intertwined with the actions of his co-defendant and alleged co-conspirator, Gladys. Mendez's argument fails for two reasons. First, in a separate order, the court denies Mendez's motion to sever; he will therefore be tried jointly with his co-defendants, including Gladys. Second, and more importantly, Mendez and his co-defendants are charged with participating in a conspiracy that encompasses the acts of each co-defendant. While the witnesses' testimony relates most directly to Gladys, it concerns the conspiracy as a whole. Mendez's suggestion that only evidence of his own actions is admissible against him misapprehends the nature of the conspiracy charge he faces. Of course, the government bears the burden of proving that Mendez was indeed part of the alleged conspiracy; to the extent he was, however, evidence of his co-conspirators' actions is admissible against him as part of the common scheme.

Because the evidence to be offered by Betsy, Morales, and De La Cruz is inextricable intertwined with the acts charged as part of the conspiracy, the court grants the government's motion to permit introduction of the testimony.

### C.  Motion to Compel Reciprocal Discovery

The government has also filed a motion to compel reciprocal discovery under Rule 16(b) of the Federal Rules of Criminal Procedure. In its June 25, 2008 order setting August 4, 2008 as the discovery cut-off date, the court directed defendants to comply with the reciprocal discovery requirements of Rule 16(b).[16] No defendant has opposed the government's motion, nor objected to the June 25 order. The court believes that defendants have already been directed to provide reciprocal discovery requested by the government, and therefore denies this motion as moot.

### D.  Conclusion

For the reasons stated the court denies the government's motion *in limine* to preclude evidence of the victims' sexual history as premature and grants the government's motion *in limine* to admit the testimony of

---

[15]See Mendez's Opposition to the Government's Motion in Limine for Order Permitting Evidence Pursuant to Federal Rule of Evidence 404(b) ("Mendez 404(b) Opp.") at 2. Mendez purports to join in other defendants' opposition to the motion. As noted, however, no other defendant has filed opposition.

[16]See Order Granting in Part and Denying in Part Defendant Gabriel Mendez's Motion for Reconsideration, Docket No. 362 (June 25, 2008) at 11 n. 10.

Beatriz Elizabeth Suhul Sop, Willian Morales and Marina De La Cruz.  The court denies the government's motion for reciprocal discovery as moot.  Any joint defense motion under Rule 412(c) must be filed, under seal and in accordance with the procedures set forth in Rule 412(c), on or before **August 8, 2008.**  The government may opposition to such a motion by **August 13, 2008**.  In the event that any individual defendant wishes to supplement the joint filing, such supplement must be filed by **August 15, 2008.**  If any supplement is filed, the government may file a response to that supplement by **August 20, 2008.**  The court will hold an *in camera* hearing on the matter on **August 25, 2008 at 3 p.m.**